UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BAUMGART HOLDING COMPANY,

    Plaintiff,

v.                                       CASE NO: 8:08-cv-447-T-26TBM

THE FIRST AMERICAN CORPORATION,

    Defendant.
_____/

**O R D E R**

    Before the Court is Baumgart Holding Company's and William Baumgart's Motion to Compel Arbitration of First American's Amended Counterclaim (Dkt. 30), First American's Opposition, and the declarations of Timothy P. Sullivan and Marshall C. Wallace with attachments. (Dkts. 37, 38 & 39). After careful consideration of the Motion, Opposition, and the file, the Court concludes that the motion to compel arbitration should be denied.

    The initial undertaking in deciding a motion to compel is to "determine whether the parties agreed to arbitrate the dispute." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004). The Court agrees with First American that the parties agreed to arbitrate only a somewhat narrow scope of disputes and, therefore, if the larger agreement within

which the arbitration provision is found might be rescinded, compelling arbitration might become moot.

In this case, the indemnity claims arising from a contract could be rescinded if the counterclaim is successful. It therefore seems prudent to litigate the underlying contract containing the arbitration agreement first, which in this case is the Stock Purchase Agreement (SPA). If the SPA was the result of fraud, as alleged by First American's counterclaim, and the SPA contains a narrow arbitration clause,[1] which this Court finds it does, then the issue of arbitrability is not severable[2] and the issue of whether the SPA was procured by fraud must first be resolved.

In this case, the SPA in paragraph 8.3(b) contains the arbitration clause and provides as follows:

> Should the Indemnified Party and the Indemnifying Party be
> unable to agree as to any particular item or items or amount or

---

[1]  See Becker v. Davis, 491 F.3d 1292, 1303 (11th Cir. 2007) (citing Bratt Enters., Inc. v. Noble Int'l Ltd., 338 F.3d 609, 613 (6th Cir. 2003), for the proposition that Congress intended only those claims that the parties agreed to be arbitrated actually be arbitrated even though piecemeal litigation may result).

[2]  In Bratt, the court held that the aspect of the breach of contract claim dealing with what the parties intended concerning Bratt's retained liabilities was an essential term of their agreement not within the scope of the arbitration clause and therefore not arbitrable. In this case, like Bratt, the counterclaim asserts that the First American did not intend to purchase the assets of Baumgart for a deceptively inflated purchase price, which issue was never the subject of the arbitration provision in the SPA. Only First American's indemnification rights against Baumgart were subject to arbitration in the event of a dispute as to the amount of a particular unpaid indemnity claim to be offset against First American's payments due Baumgart under a promissory note.

> amounts, then such dispute shall be settled by binding arbitration . . .

This provision applies only to those particular indemnity amounts on which the parties could not agree, and is therefore construed to be narrow.  Hence, a finding that the SPA was obtained by fraud would moot any claims subject to arbitration pursuant to the SPA.  In other words, whether the SPA was procured by fraud is not within the scope of the arbitration clause referring to particular items or amounts disputed between the two parties to the SPA.

Having found that compelling arbitration at this juncture would be premature, the Court denies the motion to compel without prejudice to refiling should the SPA not be rescinded.  It is therefore **ORDERED AND ADJUDGED** that Baumgart Holding Company's and William Baumgart's Motion to Compel Arbitration of First American's Amended Counterclaim (Dkt. 30) is **DENIED** as premature.

**DONE AND ORDERED** at Tampa, Florida, on June 11, 2008.

   s/*Richard A. Lazzara*
   **RICHARD A. LAZZARA**
   **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record