UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BAUMGART HOLDING COMPANY,

    Plaintiff,

v.                                                           CASE NO: 8:08-cv-447-T-26TBM

THE FIRST AMERICAN CORPORATION,

    Defendant/Counterclaim Plaintiff,

v.

BAUMGART HOLDING COMPANY and
WILLIAM BAUMGART,

    Counterclaim Defendants.

_____/

**O R D E R**

    Counterclaim Defendants have filed a motion to dismiss Counterclaim Plaintiff's second amended counterclaim, thereby prompting this Court to examine its allegations. In the Court's view, the second amended counterclaim is the quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals. See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).[1] As in Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corporation, 305 F.3d

---

[1] The Davis Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the havoc that such pleadings wreak on the judicial system, litigants, and the public at large. 516 F.3d 979-984.

1293, 1295 (11th Cir. 2002), the second amended counterclaim "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*.. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

Accordingly, it is ordered and adjudged as follows:

1) Counterclaim Plaintiff shall replead its answer, affirmative defenses and counterclaim within fifteen (15) days of this order.

2) Counterclaim Defendants shall file their response within fifteen (15) days of service.

3) The Motion to Dismiss (Dkt. 43) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on July 10, 2008.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record